IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3103-FL

| | | |
|---|---|---|
| DAVID C. JENKINS-BEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| DOCTOR EURGIA LAND, et al., | ) ) ) | |
| Defendants. | ) | |

David C. Jenkins-Bey ("plaintiff"), a state inmate, filed this action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the motion to dismiss (DE # 23) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant John H. Grimes, III ("defendant Grimes"), the motion to dismiss (DE # 27) pursuant to Rule 12(b)(6) filed by William Carroll ("defendant Carroll"), and the motion to dismiss (DE # 31) pursuant to Rule 12(b)(6) filed by defendant Eurgia Land ("defendant Land"). Also before the court are plaintiff's motion to amend (DE # 17), motion for an extension of time to complete discovery (DE # 37), and motions to appoint counsel (DE # 40). Finally, before the court is defendant Land's motion for a protective order (DE # 38). These matters are ripe for adjudication. For the following reasons, the court rules on the pending motions as follows.

STATEMENT OF THE CASE

On June 3, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants acted with deliberate indifference to his serious medical condition in violation of the

Eighth Amendment of the United States Constitution. Plaintiff also alleges that defendants violated his right to equal protection of the laws and to due process of law in violation of the Fourteenth Amendment of the United States Constitution. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

On October 6, 2009, defendant Grimes filed a motion to dismiss, arguing that plaintiff has failed to state a claim upon which relief may be granted. Defendants Carroll and Land each subsequently filed a motion to dismiss for failure to state a claim upon which relief may be granted.

On November 13, 2009, plaintiff filed a motion for an extension of time to complete discovery and to obtain counsel. On December 2, 2009, defendant Land filed a motion for a protective order. Plaintiff then filed a motion requesting appointment of counsel.

STATEMENT OF THE FACTS

The facts seen in the light most favorable to plaintiff are as follows. Plaintiff states that he entered the North Carolina Department of Correction ("DOC") custody in August 2005 and was housed at Odom Correctional Institution ("Odom"). Plaintiff states that he was suffering from a sexually transmitted disease ("STD") when he entered DOC's custody. Plaintiff claims that his STD causes pain and discomfort in his groin, lower abdomen, and lower pelvis. Plaintiff also claims that he developed a burning sensation originating in his groin, but which spread to his thighs, stomach, side, back, and chest. Finally, plaintiff claims that his STD affected his eyes.

Plaintiff claims that he attempted to obtain treatment for his STD while at Odom, but that he was unsuccessful. In particular, plaintiff states that he was prescribed five different antibiotics, and Motrin for pain, but that his symptoms persisted. Plaintiff also states that he sought treatment from defendant Land, but that defendant Land referred him for a psychiatric evaluation instead of

treating his STD. Plaintiff complains that he was unable to obtain treatment or a consultation with medical professionals outside of Odom. Plaintiff states that he repeatedly complained to defendants Grimes and Land about his inability to obtain care.

Plaintiff contends that in May 2007, defendant Land admitted to plaintiff that his condition was beyond defendant Land's expertise. Plaintiff states that he again asked for a referral for medical care outside of the prison facility. Plaintiff states that defendant Land again refused, and informed plaintiff that he would not see him for three months. Plaintiff claims that defendants Grimes and Carroll consistently supported the decisions of defendant Land.

On January 10, 2008, plaintiff was transferred from Odom to Whiteville Correctional Institution ("Whiteville") in order to obtain better medical care. Plaintiff states that Dr. Bell at Whiteville referred plaintiff to a specialist outside of the DOC. On March 5, 2008, plaintiff was transferred from Whiteville to Morrison Correctional Institution.

On April 20, 2008, plaintiff suffered from severe chest pains and was transported to Moore Regional Hospital for emergency care. Plaintiff was treated at Moore Regional Hospital from April 20, 2008, through April 23, 2008, under the care of Dr. Joseph F. Hakas, Jr. Plaintiff states that Dr. Hakas informed him that his STD led to a virus around his heart.

In June 2008, plaintiff was transferred from Morrison to Harnett Correctional Institution ("Harnett"). On July 9, 2008, plaintiff was taken to Betsy Johnson Regional Hospital for treatment for discomfort and burning in his chest area. Plaintiff then was transferred to Wake Med Hospital. At Wake Med, plaintiff had diagnostic testing which revealed that he had a gastric ulcer. Plaintiff states that the medical staff at Wake Med informed him that the gastric ulcer caused the chest pain.

3

Plaintiff also states that he was H. Pylori positive. Plaintiff was treated at Wake Med from July 9, 2008 through July 11, 2008.

DISCUSSION

I.  Motion to Amend

On September 18, 2009, plaintiff filed an affidavit, which this court will construe as a motion to amend his complaint. Plaintiff seeks to amend his complaint to include an Eighth Amendment claim against Dr. Joseph Umesi and Teresa Tomlinson for the medical care he received at Harnett.

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff filed his motion to amend before defendants filed a responsive pleading in this action. Accordingly, plaintiff's motion to amend is GRANTED.

II.  Motion to Appoint Counsel

On March 9, 2010, plaintiff filed a motion to appoint counsel. There is no constitutional right to counsel in civil cases. See Lyles v. Signal, 1997 WL 577651, at *1 (4th Cir. 1997) (unpublished); Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982), cert. denied, 459 U.S. 1214 (1983). The Fourth Circuit has held that courts may be required to request counsel for *pro se* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 300 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264,

266 (5th Cir. 1982)). This case does not present these exceptional circumstances. Thus, plaintiff's motion to appoint counsel is DENIED.

III. Motion for Extension of Time

On November 13, 2009, plaintiff filed a motion for an extension of time to obtain an attorney and for discovery. Plaintiff requested that the court permit him ninety (90) days to obtain counsel. More than nine months have passed since plaintiff's request, and plaintiff has not obtained counsel. Thus, the court denies plaintiff's request for an extension of time to obtain an attorney.

Regarding plaintiff's motion for extension of time for discovery, plaintiff has not provided any factual support for this motion. Thus, the court DENIES plaintiff's motion for an extension of time for discovery.

IV. Motion for Protective Order

Defendant Land filed a motion for a protective order from plaintiff's discovery requests. Defendant Land raised the defense of qualified immunity in this case. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see Lescs v. Martinsburg Police Dep't, No. 04-2515, 2005 WL 1607771, 138 Fed. Appx. 562, *1 (4th Cir. 2005) (unreported) (finding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because defendants raised the defense of qualified immunity and allege that plaintiff failed to allege a constitutional violation, they are entitled to resolution of the issue prior to being subject to the burdens of litigation, including

5

discovery. For good cause shown, this court GRANTS defendant Land's motion for a protective order.

V.      Motion to Dismiss

   A.   Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

Case 5:09-ct-03103-FL   Document 41   Filed 09/20/10   Page 6 of 14

B.  Analysis

    1.  Equal Protection Claim

Plaintiff claims that defendants violated his rights under the equal protection clause of the United States Constitution because they failed to refer him to an outside specialist for treatment of his STD. The equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Plaintiff has not stated that he was treated differently from any person with whom he is similarly situated, nor has he provided any evidence to support his claim of discrimination based on his status as a prisoner or on his race. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006). There is a minimum level of factual support required. See e.g., White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Plaintiff has not provided anything to support his equal protection claim. Thus, plaintiff has failed to state a claim upon which relief may be granted, and this claim is dismissed without prejudice.

    2.  Deliberate Indifference

Plaintiff alleges that defendants Land, Grimes, and Carroll acted with deliberate indifference to his serious medical needs. To state a claim for relief under the Eighth Amendment of the United States Constitution, a plaintiff must establish that a prison official was deliberately indifferent to a

7

serious condition, medical need, or risk of harm. See Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). The Supreme Court has explained that the first prong is an objective one. The prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious.' " Strickler, 989 F.2d at 1379. The second prong is subjective. The prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1992)).

Defendants argue that plaintiff's claim against them should be dismissed because plaintiff has not alleged facts sufficient to satisfy the second prong of the Eighth Amendment test—that they acted with deliberate indifference. "Deliberate indifference entails something more than negligence, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 826 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). A disagreement between an inmate and a physician regarding the appropriate form of treatment does not state a claim for deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998);

Sosebee v. Murphy, 797 F.2d 179, 181-82 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285, 1286 (4th Cir. 1977).

### a. Defendant Land

Defendant Land argues that plaintiff's complaint alleges facts that negate a claim for deliberate indifference to a serious medical need in that plaintiff refers to several occasions on which defendants provided plaintiff treatment, prescribed medication, and referred him to an outside specialist. Defendant Land directs the court to plaintiff's allegation that he "had been prescribed antibiotics on five (5) different occasions as well as motrin for pain . . ." while he was incarcerated at Odom. (Compl. p. 6.) Plaintiff also alleges that defendant Land "referred the plaintiff for psychiatric evaluation" and that defendants "had on earlier occasion's (sic) prescribed antibiotics and pain medication." (Compl. p. 6.) Plaintiff further alleges that he was transferred to Whiteville Correctional on January 10, 2008, in order to obtain better medical treatment. (Compl. p. 8.) Additionally, the North Carolina Department of Correction Inmate Grievance Resolutions Board's findings of January 11, 2008, provide: "an investigation of inmate Jenkins' concern revealed that according to Dr. Land he had multiple genital exams and had showed no evidence of any infections . . ." and that "Dr. Land stated that inmate Jenkins had been counseled about this on multiple occasions to no avail." (Compl. Attach. Grievance No. 3310-07-0342, dated Jan. 11, 2008).

Based upon the above-referenced allegations and evidence contained in the pleadings, plaintiff has failed to allege that defendant Land acted with deliberate indifference to his serious medical needs. In particular, plaintiff's allegations demonstrate that he was provided medical treatment while he was incarcerated at Odom. Accordingly, plaintiff alleges a disagreement between himself and the medical staff over the course of treatment he received. This is not sufficient to state

9

an Eighth Amendment deliberate indifference claim. See, e.g. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Peacock v. Thomspon, No. 5:03ct567-BO, 2003 WL 23857317, at *1 (E.D.N.C. Aug. 15, 2003) (unpublished), aff'd, 86 F. App'x 608 (4th Cir. 2004) (per curiam) (unpublished). At most, plaintiff's Eighth Amendment claim against defendants is based upon a theory of negligence. As stated, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105-106. Thus, plaintiff has failed to state an Eighth Amendment claim against defendant Land.

### b. Defendant Grimes

Plaintiff's claim against defendant Grimes is based upon his allegation that defendant Grimes, a nurse at Odom, failed to circumvent physician defendant Land's treatment plan. However, prison officials are entitled to rely on the medical judgments made by prison physicians. See Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990); see also Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995). Moreover, defendant Grimes, as a nurse at Odom, did not have the authority to disregard physician defendant Land's treatment decisions. See Eaker v. Miller, No. 1:07cv575, 2008 WL 4280361, *9 (M.D.N.C. Sept. 15, 2008) (unpublished). Based upon the foregoing, plaintiff has not alleged facts sufficient to state an Eighth Amendment claim against defendants. Thus, plaintiff has failed to state an Eighth Amendment claim against defendant Grimes.

### c. Defendant Carroll

Defendant Carroll is the Superintendent of Programs at Odom, and provided the step two response to four of plaintiff's administrative grievances. Plaintiff's claim against defendant Carroll arises solely out of defendant Carroll's participation in these administrative grievance proceedings. Plaintiff has no constitutional right to participate in a grievance process. See Adams v. Rice, 40 F.3d

72, 75 (4th Cir. 1994); Smith v. Ray, 36 Fed. Appx. 99, 2002 WL 1162396, *1 (4th Cir. 2002) (unpublished). Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's alleged failure to comply with the state's grievance procedure is not actionable under § 1983. See Banks v. Kuplinkski, No. 1:08cv1175, 2009 WL 159709, *3 (E.D. Va. Jan. 21, 2009) (unpublished) (citing Adams, 40 F.3d at 75). Moreover, it is not a constitutional violation for a prison official to fail to act favorably on an inmate's grievance. See Overholt v. Unibase Data Entry, Inc., 221 F.3d 1335, 2000 WL 799760, *3 (6th Cir. 2000) ("The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure... Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation.") (citations omitted). Accordingly, plaintiff has failed to state a claim upon which relief may be granted, and his claim against defendant Carroll is DISMISSED.

### 3. Due Process Claim

Plaintiff alleges that defendants violated his rights pursuant to the due process clause of the United States Constitution when they refused to refer him to a specialist to treat his STD. Plaintiff appears to be alleging a claim pursuant to the substantive due process provision. The Fourth Circuit has held that "the substantive due process provision of the Fourteenth Amendment protects against egregious, arbitrary governmental conduct." Young v. City of Mount Ranier, 238 F.3d 567, 574 (4th Cir. 2001) (citing County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998)). "Only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment." Id. (quotation omitted). Although the Fourth Circuit has stated that determining what

conduct rises to a Fourteenth Amendment violation is not an exact science, it has held that negligent conduct clearly does not satisfy the standard. Id.

In this case, the court previously has determined that, at most, plaintiff has alleged that defendants' conduct constitutes negligence. Thus, plaintiff has failed to allege facts sufficient to state a claim pursuant to the due process clause, and this claim is DISMISSED for failure to state a claim upon which relief may be granted.

4. State Law Medical Malpractice Claim

North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. See N.C. R. Civ. P. 9(j). Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001). Alternatively, the complaint must allege facts establishing negligence under the common law doctrine of res ipsa loquitur. See N.C. R. Civ. P. j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier, 308 F. Supp. 2d at 676–77; Moore, 139 F. Supp. 2d at 713.

Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care.

12

Further, the doctrine of res ipsa loquitur is allowed when the "only inference remaining is that the fault was the defendant's." Sharp v. Wyse, 317 N.C. 694, 697, 346 S.E.2d 485, 487 (1986); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (finding inference of negligence for surgical sponge left in patient's body); Schaffner v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691–93, 336 S.E.2d 116, 118–119 (1985) (finding inference of negligence for patient's hand burned during ear surgery). In light of the evidence, the doctrine of res ipsa loquitur does not apply to plaintiff's claim. Thus, plaintiff fails to meet the requirements of Rule 9(j). Thus, plaintiff's state law claim for medical malpractice is DISMISSED.

## CONCLUSION

For the foregoing reasons, defendant Grimes' motion to dismiss (DE # 23), defendant Carroll's motion to dismiss (DE # 27), defendant Land's motion to dismiss (DE # 31), defendant Land's motion for a protective order (DE # 38), and plaintiff's motion to amend (DE # 17) are GRANTED. Plaintiff's due process claims and medical malpractice claims are DISMISSED. The court notes that plaintiff's equal protection claim is DISMISSED without prejudice. The Clerk of Court is DIRECTED to issue summons for defendant Dr. Joseph Umesi and defendant Teresa Tomlinson. Plaintiff's motion for an extension of time to complete discovery and for an attorney (DE # 37) and motion to appoint counsel (DE # 40) are DENIED. Finally, plaintiff's request for

13

injunctive relief as to the defendants Land, Carroll, and Grimes is DENIED as moot given that plaintiff has been transferred from Odom. See <u>Townes v. Jarvis</u>, 577 F.3d 543, 554 (4th Cir. 2009).

SO ORDERED, this the 20* day of September, 2010.

_____<br>
LOUISE W. FLANAGAN<br>
Chief United States District Judge